Informal Opinion No. 98-22 Kevin M. McArdle, Esq. County Attorney County of Lewis P. O. Box 128 Lowville, N Y 13367-0128
Dear Mr. McArdle:
You have inquired whether a person may hold the positions of county treasurer and county manager.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
In our view, the two positions are incompatible. The county treasurer is subordinate to the county manager and the duties of the two positions conflict.
In a recent telephone conversation, you informed us that the treasurer is the chief financial officer of the county. Specifically, the treasurer and his staff are responsible for the payroll and property tax foreclosures. The treasurer reviews vouchers submitted by persons providing supplies and services to the county and, after approval by the county legislative body, makes payments to these persons. Generally, the treasurer is custodian of county funds.
Generally, the duties of the county manager, as described in your letter, are to implement the programs and policies of the county legislature and to promote efficiency and economy in county government. The manager, as authorized by the legislature, executes and enforces local laws and other legislative directives and develops administrative procedures consistent with these authorizations.
Significantly, as set forth in your inquiry, the county manager is responsible for and coordinates the administrative functions of the departments of county government and serves as the liaison between the county legislature and these departments. Also, the county manager recommends to committees of the legislature candidates to head county departments. With the approval of the appointing authority, the manager may transfer employees between departments and define the powers of officers.
The manager also coordinates the fiscal affairs of departments of county government, is the budget officer responsible for preparation and administration of the budget, and establishes budgetary controls to manage efficiently appropriated funds.
It seems clear that the position of county treasurer is subordinate to the position of county manager. The manager is responsible for coordinating and supervising administrative functions on behalf of the county legislature, which would include the functions of the office of treasurer. Further, the manager has responsibility for management of appropriated funds and establishment of budgetary controls. As authorized by the legislature, the manager administers support services for the various units of county government, including the installation, operation and maintenance of data processing equipment, equipment for reproduction of materials and processing of mail. In this role, the manager supervises all personnel.
The role of the treasurer is subordinate to that of the county manager, and the two positions should not be held by the same individual. To hold otherwise would tend to erode fiscal checks and balances established by the county legislature.
We conclude that the positions of county manager and county treasurer are incompatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions